UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                   Case No. 93-50016

GUY URSERY,                           HONORABLE AVERN COHN

   Defendant.

_____/

## **MEMORANDUM AND ORDER DENYING MOTION TO EXPUNGE**[1]

### **I. Introduction**

This is a criminal case. In 1993, defendant, Guy Ursery (Ursery), was found guilty by a jury of manufacture of marijuana, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 21 months imprisonment.

Before the Court is Ursery's Motion to Expunge Criminal Record. For the reasons that follow, the motion is DENIED.

### **II. Background**

On July 2, 1993, Ursery was convicted of manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Ursery's conviction arose from the discovery of six plots (142 plants) of marijuana plants in a wooded area close to his home in Shiawasee County, Michigan. In September of 1992, prior to criminal charges being brought against

---

[1] The Court ordinarily would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Ursery, the government filed a civil forfeiture action for forfeiture of his residence. Ursery settled the civil forfeiture action with the government by agreeing to pay approximately $13,000.00 (the equity in his residence). The settlement was entered as a consent judgment on May 24, 1993. Ursery paid the judgment on June 17, 1993. Meanwhile, in February of 1993, the government charged Ursery with manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Ursery was found guilty and sentenced to 21 months. Ursery appealed. The Court of Appeals for the Sixth Circuit reversed his conviction on the grounds of double jeopardy because of the prior civil forfeiture of Ursery's home. United States v. Ursery, 59 F.2d 568 (6th Cir. 1995). The Supreme Court granted certiorari and reversed the Sixth Circuit's holding that the prior civil forfeiture did not consolidate a conviction. United States v. Ursery, 116 S.Ct. 2135 (1996).

Since his conviction, Ursery says that he has lived a law-abiding life, has been employed with General Motors, attends church regularly, and has remarried.[2] Ursery filed this motion in order to be able to legally possess a firearm so he can go hunting with his family.

### III. Analysis

#### A.

Ursery says that his conviction should be expunged because (1) he has had no other criminal violations, (2) the conviction interferes with his way of life, more

---

[2] Ursery briefly mentions that he did not fight hard and diligently against the civil and criminal actions because he believed that the settlement in the civil action would be consolidated with the criminal charges.

2

specifically his ability to possess a firearm and hunt, and (3) he reasonably believed that the settlement of the civil action required a dismissal of the criminal action. Ursery explains that hunting is a time-honored tradition that his family enjoyed regularly before his arrest and conviction and that he always hoped to teach his children how to hunt when they became old enough. Since his conviction, however, Ursery has been unable to maintain the family tradition because a convicted felon is not allowed to possess a firearm under Michigan law.

The government responds that Ursery is not entitled to expungement because Ursery does not deny that he was legally charged, convicted, and sentenced. The government also says that even assuming the Court has inherent jurisdiction[3] to grant expungement, no case has held that such relief is proper where the conviction was valid and the defendant was not sentenced under the statute expressly authorizing such relief.

B.

The federal courts can only "order the expungement of a record in an appropriate case." United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977). While the Sixth Circuit has embraced the power to expunge a criminal record, in United States v. Robinson, it admitted that it had not put forward a standard to resolve which cases are "appropriate," but stated that the power was most often used "only in extreme circumstances." 79 F.3d 1149, *1 (6th Cir. 1996) (unpublished opinion). In Robinson, the Sixth Circuit

---

[3] The Government notes that Ursery's discussion of United States v. Doe and about federal courts having "inherent equitable powers . . . to order the expungement of a [criminal] record in an appropriate case," is dicta because the court denied such relief in that case, and in every subsequent case where the issue was raised. United States v. Doe, 556 F.2d at 393.

3

indicated that the power to expunge has been invoked with regard to "illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct." Id. at *2.

Another judge in this district summarized the case law on expungement in a similar motion as follows:

> The Sixth Circuit has recognized that federal courts enjoy inherent power to expunge criminal records in an appropriate case. United States v. Doe, 556 F.2d 391, 393 (6th Cir. 1977); United States v. Vertel, No. 91-CR-126, 2006 WL 250627, at 1 (W.D.Mich. Jan. 31, 2006) (quoting *Doe* . . . .). Generally, courts have exercised their discretion to expunge a criminal record only with respect to invalid convictions. Vertel, No. 91-CR-126, WL 250627 at 1-2 (citing United States v. Robinson, No. 94-1945, 1996 WL 107129, at 1-2 (6th Cir. Mar. 8, 1996)). Expungement of a criminal record is normally warranted under only such extraordinary circumstances. Geary v. United States, 901 F.2d 679, 680 (8th Cir. 1990).

United States v. Johnson, No. 97-90045, 2007 WL 1377930 (E.D. Mich. May 9, 2007). In this case, the district court held that the defendant, who could not teach high school math if his record was not expunged, did not present extraordinary circumstances to warrant expungement of his criminal record because he was not challenging the validity of his plea-based conviction.

Ursery contends that his situation is analogous to the defendant in United States v. Doe whose record was expunged after being convicted of mail fraud and making false claims to the Social Security Administration. The government says that Doe is factually inapposite because expungement in that case turned on the fact that the defendant had been sentenced as a "youthful offender" under the Youth Corrections Act, former Section 5021(b) of Title 18, United States Code, and that the judgment of conviction had been set aside under that Act.

4

While the Court commends Ursery on his progress, he does not argue the basis of his conviction. Instead, he requests expungement of his criminal record to be able to possess a firearm for hunting. This reason, however, does not rise to the type of an "extreme circumstance" that is required to obtain an expungement. See United States v. Twobears, 2007 WL 1232043 at 1* (W.D.Tenn. April 26, 2007) (holding that power to expunge records "is appropriate only when a defendant is factually innocent and can demonstrate that the continued public availability of the record will cause great harm that outweighs the public and governmental interest in maintaining the record."); United States v. Saah, 2007 WL 734984 at 1*-2* (E.D. Mich. Mar. 8, 2007) (holding that allegations that defendant was "rejected by employers" and "cannot become a lawful citizen of the United States" did not "rise to the level of severity necessary to warrant expungement." Id. at *2); United States v. Lind, 2006 WL 2087726 at 1*-2* (E.D. Mich. July 25, 2006) (holding that defendant's allegation that tax evasion conviction might preclude her from obtaining a position as a high school teacher, stating that "[w]hile the court acknowledges many fine accomplishments Petitioner has made since her previous criminal activity and conviction, the reasons cited by her for expungement do not rise to the level required to grant" expungement).

SO ORDERED.

Dated: July 2, 2007         s/Avern Cohn
                            AVERN COHN
                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, July 2, 2007, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5160